UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY A. PRICE,            )
                          )
        Plaintiff,        )
                          )
v.                        )  Civil Action No. 11 0332
                          )
UNITED STATES,            )
                          )
        Defendant.        )

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The court will grant the application, and dismiss the complaint.

The plaintiff alleges that she has been denied medical insurance and medical treatment because of mail fraud, which "occurs when a correspondence with appropriate postage is mailed properly but does not arrive at its destination." Pet. at 4. Plaintiff lists several instances where she sent letters to recipients including the United States Postal Inspection Service, the Attorney General of the United States, several divisions of the United States Department of Justice, the Director of the Federal Bureau of Investigation, and state agencies in Louisiana and Florida, which allegedly were not delivered. *See id.* at 5-13. According to the plaintiff, "[t]he postal violations cited in this lawsuit are directly correlated to an unresolved, still ongoing, medical negligence fraud coverup." *Id.* at 3. As a result, the plaintiff "is still being denied access o the Courts to resolve the gross medical negligence fraud coverup of which mail fraud has been the interference tactic to prevent [her] from obtaining justice." *Id.* Among other relief, the plaintiff demands an "[a]ward [of] substantial (millions) compensatory damages," explaining that, if "the gross medical negligence case had been settled promptly without interference in 1996, [she]

would have received damages of 10 million dollars for the avoidable, premature loss of a sibling kidney transplant." *Id.* at 33.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The Court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion will be issued on this same date.

DATE: 1/24/11

United States District Judge